IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-0745-DME-MJW

KENNETH WHITTENBURG,

    Plaintiff,

v.

CITY OF AURORA,

    Defendant.

**ORDER DENYING MOTION TO REMAND**

Plaintiff Kenneth Whittenburg asks this court to remand this action to state court, arguing Defendant City of Aurora's Notice of Removal was untimely. 28 U.S.C. § 1446(b) requires a state-court defendant to file a notice of removal within thirty days after it receives "a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." However,

> [i]f the case stated by the initial pleading is not removable, a notice of removal may be filed withing thirty days after the receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

Id. Because it was not clear that this action was removable until Whittenburg amended his complaint, and because the City filed its removal notice within thirty days of receiving the amended complaint, the City's notice of removal was timely. Therefore, Whittenburg's remand motion is denied.

**I. Background**

The City removed this action pursuant to 28 U.S.C. § 1441(b), which permits a defendant to remove to federal court "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States." In his original complaint, filed in state court on February 8, 2007, Whittenburg alleged claims for a "Violation of Constitutional Due Process" and wrongful discharge because Whittenburg had exercised his right to free speech, as well as claims alleging breach of an implied and express contract, promissory estoppel, and negligent supervision. Whittenburg served the City with the complaint on February 21, 2007. On February 27, the City responded by filing a motion for a more definite statement pursuant to Colo. R. Civ. P. 12(e). In that motion, the City specifically inquired whether Whittenburg was asserting his due process claim under the Colorado or federal constitution, noting that if Whittenburg was asserting a federal due process claim, the City could remove the action to federal court. On March 15, 2007, Whittenburg responded to the motion for a more definite statement, "admit[ting] that the Initial Complaint needed additional definition for the Defendant to respond," moved to amend his complaint, and served the City with the amended complaint. The state court granted Whittenburg's motion to amend on March 19, 2007.

Whittenburg's amended complaint clarified that he was asserting a due process claim under both the Colorado and federal constitutions. And he specifically asserted the federal due process claim under 42 U.S.C. § 1983. In addition, the amended complaint added another § 1983 claim alleging the City

2

violated Whittenburg's federal constitutional right to free speech when it discharged him for attending a political rally. The City filed its removal notice April 12, 2007, within thirty days of being served with Whittenburg's amended complaint.

## II. Analysis

"Under [28 U.S.C.] § 1446(b), the removal period does not begin until the defendant is able to intelligently ascertain removability so that in his petition for removal he can make a simple and short statement of the facts. If the statute is going to run, the notice ought to be unequivocal." Huffman v. Saul Holdings Ltd. P'ship, 194 F.3d 1072, 1078 (10th Cir. 1999) (quotation, citation omitted); see also Akin v. Ashland Chem. Co., 156 F.3d 1030, 1035-36 (10th Cir. 1998) (requiring "unequivocal notice of right to remove"). Here, Whittenburg's original complaint failed to give the City unequivocal notice that he was asserting a federal claim. Both the Colorado and federal constitutions include a due process clause, see U.S. Const. amend. XIV; Colo. Const., art. II, § 25, and protect speech, see U.S. Const. amend. I; Colo. Const., art. II, § 10. And the original complaint made no reference to 42 U.S.C. § 1983. It was, therefore, not unequivocally clear that he was asserting a federal claim that would permit the City to remove this action to federal court under 28 U.S.C. § 1441(b) until Whittenburg amended his complaint specifically to state claims under 42 U.S.C. § 1983 for the violation of the First and Fourteenth Amendments to the United States Constitution. See Hummel v. City of Mongomery, 368 F. Supp.2d 979, 980 (E.D. Mo. 2005) (remanding removed action back to state court where plaintiff's petition invoked his freedom of association, but did not make clear

whether that was under the Missouri or federal constitution); <u>Dardeau v. W. Orange-Grove Consol. Indep. Sch. Dist.</u>, 43 F. Supp.2d 722, 725-27 (E.D. Tex. 1999) (remanding removed action where plaintiff's reference to due process in complaint could have stated either state or federal constitutional claim).

Further, although the City was under no "duty to investigate and determine removability where the initial pleading indicates that the right to remove <u>may</u> exist," <u>Akin</u>, 156 F.3d at 1036, the City in this case did diligently inquire whether Whittenburg was asserting a federal due process claim. Once Whittenburg clarified that he was, the City filed a timely notice of removal. <u>See</u> 28 U.S.C. § 1446(b).

### III. Conclusion

For these reasons, Whittenburg's motion to remand is, therefore, DENIED.

Dated: May 7, 2007

                              BY THE COURT:

                              *s/ David M. Ebel*
                              UNITED STATES CIRCUIT JUDGE